IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA LEMUZ,

      Plaintiff,

v.           Case No. 25-cv-1170-JWB

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. 3.) The motion is fully briefed and ripe for decision. (Docs. 3, 7, 8.) The motion is GRANTED for the reasons set forth herein.

Plaintiff is the personal representative of the estate of her father, Richard A. Conn ("Decedent"). (Doc. 7.) Decedent was a military veteran who received medical care through the Robert J. Dole Department of Veterans Affairs Medical Center and related Department of Veterans Affairs ("VA") systems. (Doc. 1 at 2.) Plaintiff alleges that the VA failed to properly provide medical care for Decedent, which resulted in his death on September 17, 2024. (*Id*.) Plaintiff then submitted administrative claims to the VA on March 19, 2025, which is within the two-year statute of limitations to make such claims set out in 28 U.S.C. § 2401(b). Plaintiff filed the present case on August 8, 2025, alleging negligence and wrongful death against the United States under the Federal Tort Claims Act ("FTCA"). (Doc. 1.) At the time of filing, she had not yet received notice of final decision from the VA.

Defendant moves for dismissal on the basis that Plaintiff has not exhausted her claim under § 2401(b) because there has not been a final decision from the VA nor has six months passed since

1

she filed her claim.  Plaintiff contends that she is filing her case to "preserve rights under the statute of limitations."  (Doc. 7 at 5.)  However, if the facts which Plaintiff represents to the court are accurate, she is not currently close to running into statute of limitation problems.  FTCA claims for money damages cannot be filed before exhausting administrative remedies as required by 28 U.S.C. § 2675(a).  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  This is a jurisdictional rule.  *See, e.g.*, *Barnes v. United States*, 776 F.3d 1134 (10th Cir. 2015).  Even if the court were able to apply equitable tolling to stay this lawsuit until it is ripe, equitable considerations do not necessitate staying this matter.  Assuming the facts in the complaint are accurate, Plaintiff properly filed her administrative claims with the VA within the relevant two-year period.  This means she will be entitled to file a case in this court upon a denial of her claim, so long as she files her case either within the six-month window described in 28 U.S.C. § 2401(b) (if the VA issues a final denial her claim) or under 28 U.S.C. § 2675(a) (if the VA fails to respond and is deemed to have made a final denial of her claim).  Therefore, the present case is filed prematurely and must be dismissed without prejudice.  Plaintiff is free to refile her case at the proper time.

      IT IS SO ORDERED.  Dated this 4th day of September, 2025.

                                                                  s/ John W. Broomes
                                                                  JOHN W. BROOMES
                                                                  CHIEF UNITED STATES DISTRICT JUDGE